MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

DAMALI A. TAYLOR (CABN 262489)
Assistant United States Attorneys

   450 Golden Gate Avenue
   San Francisco, CA 94102
   Telephone: (415) 436-6401
   Fax: (415) 436-7234
   E-Mail: damali.taylor@usdoj.gov

Attorneys for Plaintiff

F I L E D

SEP 2 5 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> v. <br> ALIK D. ILYIN, <br>     Defendant. | No. CR-12-0467 RS <br><br> [~~PROPOSED~~] ORDER DETAINING DEFENDANT ALIK D. ILYIN PENDING TRIAL <br><br> Hearing Date: May 30, 2012 <br> Time:        9:30 a.m. <br> Court:       Hon. Joseph C. Spero |

    Defendant ALIK D. ILYIN was charged via Complaint with possession with intent to distribute and distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). The United States moved for defendant's detention pursuant to 18 U.S.C. § 3142, and asked for a detention hearing, as permitted by 18 U.S.C. § 3142(f). Given the nature of the crime charged, there is a rebuttable presumption in this case that no conditions or combination of conditions will reasonably assure the appearance of defendant as required and the safety of any other person and the community. See 18 U.S.C. § 3142(e)(3)(A). On May 30, 2012, this Court heard the

arguments of the parties. Mr. Ilyin was present and represented by counsel. Following the hearing pursuant to 18 U.S.C. § 3142(f), and considering the Pretrial Services report, the criminal complaint filed in this case, and the factors set forth in 18 U.S.C. § 3142(g), the Court ordered defendant detained, as no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the appearance of defendant as required and the safety of any other person and the community. See 18 U.S.C. §§ 3142(e) and (f); United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985).

In particular, the Court noted: 1) the defendant's numerous prior failures to appear in court in other matters, 2) his violent criminal conviction history, 3) the defendant's prior violations of parole, 4) the fact that the defendant was found in the possession of police identification badges at the time of his arrest, and 4) the defendant's lack of viable sureties.

The defendant reserved the right to present information at a future bail hearing should his circumstances change. See 18 U.S.C. § 3142(f) ("The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.").

## ORDER

Defendant is ordered detained, effective May 30, 2012, as no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the appearance of defendant as required and the safety of any other person and the community. Because the defendant reserved the right to present information at a future bail hearing should his circumstances change pursuant to 18 U.S.C. § 3142(f), the Court orders that the hearing may be reopened at defendant's request at a future time should his circumstances change.

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or held in custody pending appeal. See 18 U.S.C. § 3142(i)(2). Defendant must be afforded a reasonable opportunity to consult privately with counsel. See 18 U.S.C. § 3142(i)(3). On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver defendant to the United States Marshal for a court appearance. See 18 U.S.C. § 3142(i)(4).

IT IS SO ORDERED.

DATED: September 25, 2012

HON. JOSEPH C. SPERO
United States Magistrate Judge